# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**CHARLES DAVID SCHOLL**                                                           **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 4:18-CV-P131-JHM**

**DR. LESTER LEWIS** *et al.*                                                    **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Charles David Scholl's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the instant action.

## I.

Plaintiff, currently a prisoner incarcerated at the Little Sandy Correctional Complex, filed his complaint on a form for filing a civil-rights action pursuant to 42 U.S.C. § 1983. Therein, he complains about his earlier detention at the Green River Correctional Complex (GRCC) and sues, in their individual capacities, Dr. Lester Lewis, M.D., and Lessye Crafton, APRN, who are Correct Care Solutions (CCS) employees who work at GRCC. As his statement of claims, Plaintiff alleges:

> Medical Negleience for failing to realize I had/have a serious need. (1) Delay in time medical treatment. (3) Failing to realize I was in need of an outside Doctors assistants for ongoing bleeding and pain from where I had surgery done on 12-25-16, and since 2-18-18 my stoma has been protruding (4-6) inches outside my stomach.

Plaintiff then provides details regarding his claims and concludes as follows: "For the above stated reasons and allegations, this states a claim for which relief can be rendered and clearly shows negligence on behalf of Dr. Lester Lewis and Nurse Lessy Crafton for delay in medical

treatment." As relief, Plaintiff seeks monetary and punitive damages, payment of court filing fees, and "All follow-up medical care needed."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Additionally, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606. "Congress has defined the province of federal judicial authority in two basic jurisdictional statutes." *Douglas*, 150 F.3d at 607 (citing 28 U.S.C. §§ 1331, 1332).

### A. Diversity Jurisdiction

Under the diversity-jurisdiction statute, 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]" § 1332(a). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, Plaintiff has not alleged that he is diverse in citizenship with either Defendant. Thus, he fails to establish diversity jurisdiction.

### B. Federal-Question Jurisdiction

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff filed his complaint on a § 1983 form. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex*

*rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988).

In the complaint, Plaintiff does not allege "the violation of a right secured by the Constitution and laws of the United States"—that is, he does not allege the violation of *federal law*. Rather, Plaintiff alleges only the violation of *state law* in claiming medical negligence. And "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* Plaintiff, therefore, fails to state a § 1983 claim.[1]

Because Plaintiff alleges only state-law claims in this action, the Court will enter a separate Order dismissing this action without prejudice to filing in state court should he so desire.

Date: April 1, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.005

---

[1] Prior to filing the instant action, Plaintiff filed a § 1983 action alleging Eighth Amendment violations. *See* Civil Action No. 4:18-CV-P99-JHM. By Memorandum Opinion and Order entered March 14, 2019, the Court granted Defendants' motion to dismiss and dismissed the action by separate Order.